**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4140

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AMBER GREEN,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Irene C. Berger, District Judge. (5:13-cr-00257-1)

Submitted: August 28, 2018                    Decided: September 4, 2018

Before WYNN and FLOYD, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Christian M. Capece, Federal Public Defender, David R. Bungard, Assistant Federal Public Defender, Jonathan D. Byrne, Research & Writing Specialist, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Michael B. Stuart, United States Attorney, Miller Bushong, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Amber Green appeals the 24-month prison sentence the district court imposed upon revocation of her term of supervised release. Green alleges that the district court erred by improperly relying on her need for rehabilitative treatment in determining the length of her sentence. *See Tapia v. United States*, 564 U.S. 319, 334-35 (2011). For the reasons that follow, we vacate the district court's judgment and remand for resentencing.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). A sentence is plainly unreasonable if it "run[s] afoul of clearly settled law." *Id.* at 548.

A revocation sentence is procedurally reasonable if the district court adequately explains the sentence after considering the Sentencing Guidelines' Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) (2012) factors. *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017). "[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Id.* (alteration and internal quotation marks omitted).

Although a sentencing court "commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs," the

2

court "may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." *Tapia*, 564 U.S. at 334-35. As we later observed:

> *Tapia* thereby drew a line between the consideration of a defendant's rehabilitative needs when determining the fact or length of imprisonment—which is improper—and the consideration of the same when recommending treatment options or the location of confinement—which is altogether sound. Trial judges should thus make plain that a defendant's rehabilitative needs relate at most to recommended programs or locations—not to the fact or length of imprisonment.

*United States v. Bennett*, 698 F.3d 194, 199 (4th Cir. 2012). The rule in *Tapia* applies to both initial criminal sentences and sentences imposed upon revocation of supervised release. *Id.* at 197-98.

Having carefully reviewed the sentencing transcript, we conclude that the district court procedurally erred by considering Green's rehabilitative needs in determining the length of her prison sentence. *See id.* at 200. We further conclude that Green's sentence is plainly unreasonable, for it runs afoul of clearly settled law. Accordingly, we vacate Green's revocation sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*